Anthony ZARCONE, Plaintiff,

v.

AMERADA HESS CORPORATION, Defendant.

No. 86 C 4128.

United States District Court, E.D. New York.

June 18, 1987.

Mark Lemle Amsterdam, New York City, for plaintiff.

Milbank, Tweed, Hadley & McCloy, Adlai S. Hardin, Jr., of counsel, New York City, for defendant.

## MEMORANDUM AND ORDER

NICKERSON, District Judge.

Plaintiff brought this action for declaratory relief and damages, invoking jurisdiction on the ground of diversity of citizenship and the presence of a federal question under Subchapter I of the Petroleum Marketing Practices Act (the Act), 15 U.S.C. §§ 2801–2806. In substance the complaint says that defendant, an oil company, wrongly terminated a franchise agreement with plaintiff, a gasoline station operator. The complaint asserts that the termination was improper under the Act and under the terms of the franchise agreement.

Defendant has moved for summary judgment. Plaintiff has abandoned his claim that the termination violated the franchise agreement. Thus the only issue is whether plaintiff has a claim under the Act.

The critical facts are not in dispute. The parties entered into a "Dealer Agreement" dated August 31, 1981 whereby defendant leased plaintiff a gasoline station and awarded him the right to operate it as a "Hess" brand name franchise. The term of the agreement was for one year, commencing December 1, 1981, to be renewed automatically for yearly periods unless terminated in accordance with the agreement. Defendant did not own the station but held it under a twenty year lease ending January 31, 1987. This underlying lease provided that defendant would have options to renew its term for two additional periods of ten years each by giving the lessor notice at least six months before the expiration of the respective terms. Further if defendant did not exercise an option the underlying lease term was to be automatically extended from year to year unless either party terminated the lease by giving thirty days notice.

On November 10, 1981, prior to the commencement of the term of the franchise agreement, defendant wrote plaintiff that defendant leased the land on which the station was located from a third party and that this lease would expire on January 31, 1987 and might not be renewed.

On August 8, 1986 defendant wrote the lessor that it would not renew the lease when it expired on January 31, 1987. On September 11, 1986 defendant wrote plaintiff stating that due to the expiration of the underlying lease the franchise would not be renewed on January 31, 1987, and enclosed a summary of the Act for the plaintiff's information.

Plaintiff concedes that the termination of the franchise agreement was in accordance with a provision in that agreement that it

would be automatically terminated on the termination of the underlying lease.

Plaintiff argues, however, that the termination of the agreement was in violation of the Act, which provides that, with specified exceptions, a franchisor may not "fail to renew any franchise relationship." 15 U.S.C. § 2802(a)(2). The statutory exception at issue here provides, in pertinent part, that a ground for termination or nonrenewal is the "occurrence of an event" relevant to the franchise and "as a result of which" its "termination" or "nonrenewal" is "reasonable," if the franchisor first gets "knowledge" of the occurrence not more than 120 days before giving the requisite statutory notice of termination or nonrenewal. 15 U.S.C. § 2802(b)(2)(C).

Under 15 U.S.C. § 2802(c)(4) the "loss of the franchisor's right to grant possession" of the premises "through expiration of an underlying lease" is an event as a result of which termination or nonrenewal is "reasonable," provided that the franchisee got written notice, prior to commencement of the term of the franchise, of the duration of the underlying lease and of the fact that it "might expire and not be renewed."

Under 15 U.S.C. § 2804(a)(2) the franchisor must, prior to termination or nonrenewal of the franchise, give the franchisee written notice "not less than 90 days prior to the date on which such termination or nonrenewal takes effect."

Defendant says it complied with these statutory requirements by its letters of November 10, 1981 and September 11, 1986. Plaintiff makes two arguments. First, he urges that the termination of the franchise was not "reasonable" because defendant terminated the underlying lease and it did not "expire" by its terms. The argument is that there was thus no "expiration" of the underlying lease causing a "loss of the franchisor's right to grant possession" within the meaning of 15 U.S.C. § 2802(c)(4), and that therefore this section does not apply.

Second, plaintiff contends that the termination of the franchise violated the Act because defendant did not meet the notice requirements of 15 U.S.C. § 2802(b)(2)(C).

As noted above, a ground for termination includes the occurrence of an event as a result of which termination or nonrenewal is reasonable if the franchisor first gets knowledge of the occurrence of the event not more than 120 days before giving notice of the termination or nonrenewal (which notice under § 2804(a)(2) must be not less than 90 days before the termination or nonrenewal takes effect).

Plaintiff claims that an "event" occurred as a result of which the franchise was terminated and that that "event" was defendant's "decision" to terminate the underlying lease. Plaintiff urges that there is an issue of fact as to when defendant made that decision and that if defendant made it more than 120 days prior to the letter to plaintiff of September 11, 1986 defendant gave too late a notice to comply with § 2802(b)(2)(C).

■ Although the Court of Appeals for the Second Circuit does not appear to have addressed the point this court accepts the reasoning in *Veracka v. Shell Oil Co.*, 655 F.2d 445 (1st Cir.1981), holding that the 120 day notice provision of § 2802(b)(2)(C) does not apply where the "event" is the one specified in § 2802(c)(4), namely, the expiration of the underlying lease. Moreover, as that case pointed out, it makes no difference that that "expiration" occurred because of the franchisor's decision to give notice of termination to the lessor. *See also Lugar v. Texaco, Inc.*, 755 F.2d 53 (3d Cir.1985). *Cf. Russo v. Texaco, Inc.*, 808 F.2d 221, 227 (2d Cir.1986) (franchisor's "loss" of the right to grant use of trademark under § 2802(c)(6) includes a voluntary loss; court analogizes to 1st and 3d Circuit construction of "loss" of the right to grant possession of premises under § 2802(c)(4) as including a voluntary loss).

■ Even if the 120 day notice provision were applicable, a franchisor's "decision" not to renew or to allow the underlying lease to continue is not a significant "event" within the meaning of § 2802(b)(2)(C). It would make no sense to allow such a decision, subject to change at any time, to have legal significance until

**618**

objectively implemented and made binding on defendant and the lessor by defendant's letter to the lessor on August 8, 1986. Obviously defendant's notice by letter dated September 11, 1986 advising plaintiff of the lessee's termination date was within the 120 days of the significant "event."

Defendant's motion for summary judgment is granted, and the complaint is dismissed. Defendant's request for attorney's fees is denied. So ordered.